JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM CHAPARRAL APARTMENTS, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>LAURA MIRAMONTES, et al.,<br><br>                    Defendants. | **Case No. CV 20-01130-RGK (RAOx)**<br><br>**ORDER REMANDING ACTION AND DENYING REQUESTS TO PROCEED IN FORMA PAUPERIS** |

## I.

## FACTUAL BACKGROUND

Plaintiff Palm Chaparral Apartments, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Laura Miramontes, Jose Contreras, and Does 1 to 10 ("Defendants"). Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendants are allegedly occupants of real property owned by Plaintiff and located in Palmdale, California. Compl. ¶¶ 1-6. Plaintiff filed the unlawful detainer action seeking forfeiture of the rental agreement, monetary damages, and reasonable attorney fees. *Id*. at ¶ 17.

///

Defendants Miramontes and Contreras filed a Notice of Removal on February 4, 2020, invoking the Court's federal question and diversity jurisdiction. Removal at 2-4.

Defendants Miramontes and Contreras each filed a request to proceed *in forma pauperis*. Dkt. Nos. 3, 4.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendants assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. Removal at 2-4. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331. Section 1332 provides, in relevant part, that federal "district courts shall

have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . ., and is between—citizens of different states." *See id*. § 1332(a)(1).

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that this Court has neither federal question nor diversity jurisdiction over the instant matter. First, Defendants have not met their burden in demonstrating that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Removal at 2-3. While Defendants contend that "Plaintiff and Defendants are citizens of different states," *see id*. at 3, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000, *see* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S. Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff alleges that the amount demanded "does not exceed $10,000.00." *See* Compl. at 1. Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

Second, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Third, there is no merit to Defendants' contention that "there is a federal question surrounding procedural due process . . . under the Fourteenth Amendment."

Removal at 4. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987). Thus, to the extent Defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Furthermore, Plaintiff "is not a state actor and its conduct in connection with the unlawful detainer at issue here was not taken 'under color of law,' as is required to state a claim for a violation of procedural due process rights guaranteed by the Fourteenth Amendment." *Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011).

Fourth, Defendants' contention that this action contains a "federal question not relating to their defense . . ., but a federal question surrounding the construction of the Pooling and Service Agreement" is also without merit. Removal at 4. Defendants' assertion of jurisdiction based on a "Pooling and Service Agreement" "has been rejected as insufficient to establish the existence of a federal question in other cases." *U.S. Bank Nat'l Ass'n v. Delos Reyes*, No. 18-CV-00056-JCS, 2018 WL 5099251, at *3 (N.D. Cal. Apr. 10, 2018) (collecting cases and concluding that the construction of a Pooling and Service Agreement does not establish federal question jurisdiction), *report and recommendation adopted by*, *U.S. Bank Nat'l Ass'n v. Reyes*, No. C 18-00056 WHA, 2018 WL 5099222 (N.D. Cal. May 8, 2018); *see U.S. Bank, N.A. v. Avila*, No. CV 12-10399 PA CWX, 2012 WL 6491300, at *2 (C.D. Cal. Dec. 12, 2012) (finding that a Pooling and Service Agreement does not confer federal question jurisdiction). Because Plaintiff's Complaint does not present a federal question, either on its face or as artfully pled, the Court lacks jurisdiction under 28 U.S.C. § 1441.

///

**III.**

**CONCLUSION**

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendants' requests to proceed *in forma pauperis* are DENIED as moot.

IT IS SO ORDERED.


DATED:  February 9, 2020

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE